**Aaron MITCHELL, Petitioner,**

v.

**Lawrence E. WILSON, Warden, San Quentin Prison, San Quentin, California, Respondent.**

**No. 45085.**

United States District Court
N. D. California, S. D.

May 10, 1966.

Evander C. Smith, San Francisco, Cal., for petitioner.

Thomas C. Lynch, Atty. Gen., Albert W. Harris, Jr., Asst. Atty. Gen., Edsel W. Haws, Deputy Atty. Gen., for respondent.

ZIRPOLI, District Judge.

Petitioner, a state prisoner convicted of murder in the first degree following an armed robbery and awaiting execution tomorrow (May 11, 1966) of his death sentence at the California State Prison at San Quentin, has petitioned this Court for a writ of habeas corpus and a stay of the judgment and death sentence (28 U.S. C.A., Sec. 2251).

While petitioner makes several claims for relief, the basic question presented by this petition, and now considered by the Court, is whether or not petitioner, because of the effect of Article I, Section 13, of the California Constitution at the time of his trial on the penalty issue, was compelled to be a witness against himself in violation of the Fifth and Fourteenth Amendments to the Constitu-

tion of the United States. Since petitioner's trial and while his case was on appeal before the Supreme Court of California this provision of the California Constitution was declared unconstitutional in Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106.

Based upon legal presumptions and logical inferences drawn from the actual trial record and applicable in a direct appeal, the Supreme Court of California ruled contrary to the petitioner on the constitutional question here presented but at no time has the California Supreme Court or any court accorded petitioner an evidentiary hearing on the factual issue set forth in his petition. Despite the language of the Supreme Court of California on the direct appeal, People v. Mitchell, 63 A.C. 863, 877–879, 48 Cal. Rptr. 371, 409 P.2d 211, this issue cannot be resolved by resort to the trial transcripts alone.

The petitioner having exhausted all available remedies and the allegations of his petition being sufficient to raise the constitutional question here involved, the realities of petitioner's present position demand that this Court exercise the authority vested in it under 28 U.S.C.A., Section 2241.

After a jury found petitioner guilty of murder in the first degree and fixed the penalty at death, the pertinent history of this case is as follows:

1. Motion for New Trial, June 6, 1963; denied June 6, 1963;

2. Motion to Reduce Penalty, June 6, 1963; denied June 6, 1963;

3. Appeal to California Supreme Court, affirmance of issue of guilt and reversal of death penalty, remanded for further proceedings, 61 Cal.2d 353, 38 Cal.Rptr. 726, 392 P.2d 526, June 5, 1964;

4. Retrial of penalty issue, commenced September 3, 1964, culminating in death sentence September 28, 1964;

5. Motion for New Trial, September 28, 1964; denied September 28, 1964;

6. Motion to reduce penalty, September 28, 1964; denied September 28, 1964;

7. Appeal to California Supreme Court, affirmance of sentence of death, January 4, 1966;

8. Petition for rehearing filed January 19, 1966, denied by minute order February 2, 1966;

9. Petition for Stay of Execution and for Writ of Certiorari filed with United States Supreme Court by mail April 27, 1966. Mr. Justice Douglas denied the application for stay of execution on May 5, 1966 with the following statement:

"Petitioner is scheduled to be executed May 11 and asks me to stay execution.

"The question of federal law which he presents turns on a factual issue which the Supreme Court of California seems to have resolved against petitioner, although so far as I can find there has been no hearing accorded him on that point.

"But in the absence of a hearing and resolution of the factual dispute, it will be impossible to resolve the federal issue. This issue to be resolved must be done in a habeas corpus proceeding either in the state court or in the federal court. That is the most appropriate tribunal to issue the stay of execution."

10. Petition for Writ of Habeas Corpus (Person in State Custody) filed in Supreme Court for the State of California, filed May 6, 1966; denied May 9, 1966, without opinion.

There is no doubt in the mind of this Court that the factual issue referred to by Justice Douglas relates to the *Griffin* rule.

In denying the petition for writ of habeas corpus and the application for a stay of execution without "a hearing and resolution of the factual dispute" as suggested by Mr. Justice Douglas, the Supreme Court of California said:

"Petition for writ of habeas corpus and application for stay of execution DENIED.

"This order is final forthwith."

■ The above, which constitutes the full text of the ruling of the Supreme Court of California, leaves this Court without any indication of the reasons therefor and forces this Court to conclude that it relied upon the reasons stated in its opinion affirming the death penalty on direct appeal. In the second direct appeal in People v. Mitchell, supra, the Supreme Court of California ruled that petitioner's contention that he was compelled to take the witness stand and testify because he feared that if he failed to do so either the trial court or the prosecutor or both might comment on such failure *would be illogical*. This factual inference of the California Court, drawn in part from the nature of petitioner's testimony and in part from the presumption of correctness of the trial court's rulings, while appropriate in a direct appeal has no binding application in a habeas corpus proceeding the merits and resolution of which are also dependent upon a consideration of factual matters outside the record before the California Court. Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770.

■ The factual issues presented by this case can be resolved only in an appropriate evidentiary hearing, which will enable the petitioner to present those factual matters outside the record on which he relies, and which may or may not overcome the logical inference or presumption drawn or resorted to by the Supreme Court of California.

As an alternative ground the Supreme Court of California held that even if the doctrine of Griffin v. State of California, supra, is applicable to the facts of the instant case a reversal is not required "unless the comment has resulted in a miscarriage of justice." (Cal.Const. Art. VI, § 4½; People v. Mitchell, supra, at 879, 48 Cal.Rptr. at 381, 409 P.2d at 221.) This latter and alternative ground for the California Court's affirmance of the death penalty presents a question of law yet to be decided by the Supreme Court of the United States and is one for which the Supreme Court of the United States granted certiorari in Chapman v. California, 86 S.Ct. 1228, 16 L.Ed.2d 300.

Counsel for petitioner have stated they will petition the Supreme Court of the United States for certiorari to the Supreme Court of California on its denial of the petition for writ of habeas corpus.

Regardless of the heinous character of the offense of which petitioner was found guilty and as to which guilt there can be no possible doubt, it would nevertheless not be in the interests of justice to permit his execution without giving him the benefit of a ruling of the Supreme Court of the United States on his petitions for writ of certiorari. While it is true that the responsibility of staying execution under such circumstances (certiorari) rests with either the Supreme Court of California or the Supreme Court of the United States or a Justice thereof, the jurisdiction of this Court on the present petition is independent of the certiorari proceedings. This Court now has before it and has assumed jurisdiction in a habeas corpus proceeding which requires the resolution of a factual issue after full and fair hearing with appropriate findings.

Therefore, pursuant to the statutory authority (28 U.S.C.A., Sec. 2251) vested in this Court, it is ordered that execution of the judgment and sentence of death in the case of People v. Mitchell, entered in the Superior Court of the State of California in and for the County of Sacramento, be stayed until the further order of this Court.